**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>CENTRAL GROCERS, INC., *et al.*,<br><br>       Debtors. | Chapter 7<br><br>Case No. 17-13886<br>(Jointly Administered)<br><br>Hon. Janet S. Baer |
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., *et al.*,[1]<br><br>       Plaintiff,<br><br>v.<br><br>J.B. SULLIVAN, INC.,<br><br>       Defendant. | Adversary No. 19-01021 |

**JOINT MOTION TO WITHDRAW THE REFERENCE**

Defendant J.B. Sullivan, Inc. ("JBS") and Plaintiff Howard B. Samuels, not personally, but as Chapter 7 trustee (the "Trustee") for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack and Van Til Super Market, Inc., and SVT, LLC (together, the "Select Debtors") hereby jointly request that the U.S. District Court for the Northern District of Illinois (the "District Court") enter an order withdrawing the reference of this contested adversary proceeding (the "JBS Adversary") currently pending before the U.S. Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

---

[1] The Select Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

**BACKGROUND**

1.      CGI was a grocery co-operative.  Its customers were grocery retailers that purchased groceries at wholesale from CGI, and most of the customers were members of the CGI co-operative (the "Members").  JBS was one of CGI's largest Members.

2.      On May 2, 2017, certain creditors of CGI commenced an involuntary case against CGI under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.  On May 4, 2017, each of the Select Debtors (including CGI) and certain affiliated entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware.  The cases filed in Delaware were subsequently transferred to the Bankruptcy Court and consolidated with CGI's pending case.

3.      On November 30, 2017, the Bankruptcy Court entered an order converting the Select Debtors' bankruptcy cases from chapter 11 to chapter 7.

4.      On January 11, 2018, the U.S. Trustee convened a meeting of creditors in the Select Debtors' bankruptcy cases, and Howard B. Samuels was elected as chapter 7 trustee for the estates of the Select Debtors.

5.      On March 20, 2018, JBS filed a proof of claim in CGI's bankruptcy case.  JBS and the Trustee disagree regarding JBS's intent in filing the proof of claim.  The Trustee maintains that JBS sought to recover various rebates and other amounts allegedly owing based on JBS's purchase of products from CGI.  JBS maintains that it intended to preserve its rights against the bankruptcy estate and was concerned regarding the waiver effect of not filing a proof of claim.

6.      Soon after his appointment, the Trustee filed dozens of adversary proceedings (the "Adversary Proceedings"), including dozens of cases against former Members.  The Trustee filed

the JBS Adversary on November 19, 2019.  All the Adversary Proceedings have resolved, except for three, including the JBS Adversary.

7.      Twelve of the Adversary Proceedings were against CGI members affiliated with former members of CGI's board of directors (the "Director Store Actions"), including the JBS Adversary.  One of the adversary proceedings was against the directors themselves (the "D&O Action"), including John Sullivan.  The Trustee alleged that director John Sullivan controlled defendant JBS and exercised his control to benefit JBS, as opposed to CGI and its subsidiaries.

8.      The JBS Adversary has been pending for over four years, in large part because legal issues raised in any Director Store Action or the D&O Action frequently implicated issues in the other actions, which slowed the process of resolving the actions.

9.      JBS filed a motion to dismiss some of the counts in the Trustee's original complaint on February 18, 2020.  The Bankruptcy Court granted the motion on December 13, 2022.

10.     On June 9, 2020, the Trustee filed his Partial Motion for Summary Judgment (the "PMSJ").   On July 9, 2020, Defendant filed its preliminary objection to the PMSJ.  The PMSJ remained pending until February 6, 2024.

11.      On January 23, 2023, the Trustee filed his First Amended Complaint.  (Ex. A). JBS filed its Answer and Affirmative Defenses on March 13, 2023.  (Ex. B).  Therein, JBS included a jury demand and noted that it did not consent to the Bankruptcy Court's entry of judgment as to proceedings or actions that were "non-core" under 28 U.S.C. § 157 (b) (2).  (*Id.* ¶ 4).

12.     After JBS filed its Answer, JBS and the Trustee (together, the "Parties") engaged in fact discovery.  Fact discovery closed in the JBS Adversary on October 26, 2023.  Neither Party has submitted an expert report or expert disclosure.

13.     On January 26, 2024, the Trustee filed a Motion to Schedule Trial and Issue Final Pretrial Order (the "Trial Setting Motion," (Ex. C)).  Therein, the Trustee argued, *inter alia*, that JBS had waived its right to a jury trial and had not timely sought to withdraw the reference of the JBS Adversary to District Court.  The Trustee also sought to have the Bankruptcy Court hear and determine the JBS Adversary, as opposed to hearing the Adversary only and having the District Court enter final orders.  *See* 28 U.S.C § 157(c)(1).

14.     In open court, at the presentation of the Trial Setting Motion on February 6, 2024, the Trustee agreed to withdraw his PMSJ.  (*See* Feb. 6, 2024, Hearing Tr. at 2:19-3:23 (Ex. D)). The Trustee also made clear that he did not have a preference as to where the JBS Adversary was tried but only wanted to have the case tried as soon as possible.  (*See id.* at 5:16-23; 7:23-8:10).

15.     On February 27, 2024, JBS filed its Response to Motion to Schedule Trial Date and Issue Final Pretrial Order.  (Ex. E).  Therein, JBS argued, *inter alia*, that it had not waived its right to a jury trial and that it could still timely file a motion to withdraw the reference.

16.     On March 1, 2024, the Parties conferred and agreed to file a joint motion to withdraw the reference.

**ARGUMENT**

17.     Although federal district courts have "original and exclusive jurisdiction" of all cases under Title 11 of the Bankruptcy Code, 28 U.S.C. § 1334(a), and "original but not exclusive" jurisdiction over all civil proceedings related to Title 11 cases, this Court has automatically referred all bankruptcy cases and proceedings  to the Northern District's bankruptcy judges under 11 U.S.C. § 157(a).  *See also* Local District Court Rule 40.3.1   A district court has the power to "withdraw" cases, adversary proceedings and other matters referred to the bankruptcy court and hear and

determine (*i.e.*, enter final orders in) the withdrawn cases, proceedings, and other matters. *In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003).

18.     28 U.S.C. § 157(d) provides for mandatory and permissive withdrawal of bankruptcy cases or proceedings previously referred to the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

19.     The Parties here seek permissive withdrawal of the reference of the JBS Adversary. The decision of whether to grant a motion for permissive withdrawal of a reference lies within the District Court's discretionary power. *Gecker v. Marathon Fin. Ins. Co. Inc.*, 391 B.R. 613, 614-15 (N.D. Ill. 2008). Parties seeking withdrawal of the reference bear the burden of establishing that withdrawal is appropriate. *See In re K&R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007).

20.     Courts in the Seventh Circuit have used several factors to determine whether the "for cause" standard has been met for permissive withdrawal:

> (1) judicial economy; (2) promotion of uniformity and efficiency in bankruptcy administration; (3) reduction of forum shopping; (4) delay and costs to the parties; (5) the court's familiarity with the case; and (6) whether the adversary proceeding is core or non-core. … The Court must also consider whether the litigants are entitled to a jury trial. ... The most important factor in the Court's determination is whether the adversary proceeding the party seeks to withdraw concerns core bankruptcy matters over which the bankruptcy court should preside.

*In re Edgewater Med. Ctr.*, No. 02 B 07378, 2004 WL 2921957, at *2 (N.D. Ill. Dec. 15, 2004).

21.     The Parties agree that these factors weigh in favor of withdrawing the reference.

22.     *Judicial economy:*   The Bankruptcy Court has more experience with the JBS Adversary and related matters regarding the CGI Chapter 7 bankruptcy case, including the Director Store Actions, but discovery and most other pretrial matters have already been resolved.  All that is left to do now is prepare the exchange and filing of pretrial materials and proceed to trial. Moreover, either JBS or the Trustee might appeal to this Court after trial, should a trial happen in the Bankruptcy Court.  Little or no judicial economy will be saved by leaving the case in the Bankruptcy Court.

23.     *Promotion of uniformity and efficiency in bankruptcy administration:* Only three Adversary Proceedings remain.  The Trustee does not believe that a resolution by the District Court and the jury of the JBS Adversary will have a significant impact on the administration of the CGI bankruptcy or the other two Adversary Proceedings.

24.     *Reduction of forum shopping:* The Trustee is ambivalent as to which court tries this case, and JBS seeks trial in the District Court so that it can have a jury trial.  Thus, forum shopping is not a concern.

25.     *Delay and cost to the parties:*   The Trustee believes that fighting a motion to withdraw the reference will result in more delay and expense, and so he is agreeing to withdraw the reference to avoid that fight.  The Trustee does not believe that withdrawal of the reference will result in additional delay or expense.

26.     *The court's familiarity with the case:*  The District Court has virtually no familiarity with the case, but the lack of familiarity should not delay the case in proceeding to trial because all pretrial issues have been resolved.  In addition, the issues in the JBS Adversary are fairly simple—the Trustee contends that JBS owes for unpaid groceries and for unpaid principal, interest,

and fees on a loan—and presiding over the remainder of the case should not require the District Court to address many significant legal issues.

27.     *Whether the adversary proceeding is core or non-core:*  JBS has maintained before the Bankruptcy Court that this Adversary Proceeding is a non-core proceeding because the Trustee bases his theory of recovery on Illinois state law and because judicial economy and the risk of collateral estoppel support the District Court's determination of the one core count in the First Amended Complaint (Count 7).  (*See* Ex. E hereto (JBS's recent brief to the Bankruptcy Court) at 5-7).  JBS further maintains that its affirmative defense of set off arises under state law.  (*Id.* at 6 & n.4).   The Trustee does not, for the purposes of this motion, contest JBS's position on the core/non-core issue, but he reserves his right to make this argument in the future.

28.     *Jury trial:*  JBS included a jury demand in its Answer.  JBS also filed a proof of claim.  The Seventh Circuit has held in several cases that a creditor who filed a proof of claim consented to bankruptcy court jurisdiction on a related breach of contract claim and had no Seventh Amendment right to a jury trial.  *See, e.g.*, *SNA Nut Co. v. Haagen–Dazs Co., Inc.*, 302 F.3d 725, 730-731 (7th Cir. 2002) (holding that creditor who filed a proof of claim consented to bankruptcy court jurisdiction on a related breach of contract claim).   The sole reason why JBS seeks withdrawal is to have the JBS Adversary tried to a jury.  JBS argues that some cases in the Seventh Circuit allow a jury trial even after the filing of a proof of claim if the set off defense asserted by the claimant is not directly related to the estate's principal claim.  JBS further argues it had no choice but to file a proof of claim and JBS does not seek any recovery from the estate. (*See* Ex. E at 11-15 for a more complete statement of JBS's arguments).   The Trustee does not, for the purposes of this motion, contend that JBS has waived its right to a jury trial, but he reserves his right to make this argument in the future.

29. JBS further maintains that it acted in a timely manner is seeking withdrawal, primarily because JBS understood that the Trustee intended to seek summary judgment on all Counts in the First Amended Complaint and that JBS had to reconsider its position on a jury trial after the Trustee decided to proceed with a bench trial. (*See* Ex. E at 8-11 for a more complete statement of JBS's arguments). The Trustee does not, for the purposes of this motion, contend that JBS did not pursue withdrawal in a timely manner, but he reserves his right to make this argument in the future.

## CONCLUSION

30. For the reasons stated above, the Parties request that the District Court withdraw the reference of the JBS Adversary so that it can proceed to trial.

Dated: March 8, 2024

/s/ *J. Benjamin King*

Eric D. Madden (admitted pro hac vice)
J. Benjamin King (admitted pro hac vice)
REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@reidcollins.com
bking@reidcollins.com

*Special Litigation Counsel to Howard B. Samuels, Chapter 7 Trustee for the estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

-and-

Michael M. Eidelman (#6197788)
William W. Thorsness (#6290913)
Michael D. Leifman (#6324233)
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2400
Chicago, Illinois 60601
(312) 609-7500 telephone

(312) 609-5005 facsimile

*Counsel to Howard B. Samuels, Chapter 7 Trustee for the estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

-and-

 */s/ Dean Gramich*

Michael C. Moody
Myles P. O'Rourke
Dean Gramlich
**O'Rourke & Moody, LLP**
10 S. LaSalle Street
Suite 2510
Chicago, Illinois 60601
(312) 849-2020
mmodye@orourkellp.com
mporourke@orourkellp.com
dgramlich@orourkellp.com

*Counsel to J.B Sullivan, Inc., Defendant*

## **CERTIFICATE OF SERVICE**

J. Benjamin King, the undersigned attorney, hereby certifies that on March 8, 2024, he caused the foregoing document to be served on the parties to this adversary proceeding via the Court's ECF system.

/s/ *J. Benjamin King*